# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| MARK BOWERS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:14-CV-1185-JAR |
| DAVID A. MULLEN, et al., | ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon review of plaintiff's first amended complaint [Doc. #5]. For the reasons stated below, the Court will (1) dismiss plaintiff's official-capacity claims against all defendants; and (2) order the Clerk of Court to issue process on the amended complaint as to all defendants in their individual capacities.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action

fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950-52.

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519,

520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## The First Amended Complaint

Plaintiff, an inmate at the Tipton Correctional Center ("TCC"), brings this action pursuant to 42 U.S.C. § 1983 for alleged constitutional violations that took place at the Eastern Reception and Diagnostic Correctional Center ("ERDCC"), the Missouri Eastern Correctional Center ("MECC"), and the TCC during the period of December 2009 through December 2013. Named as defendants are David A. Mullen (a medical doctor at ERDCC), John Williams (a medical doctor at MECC), Karl Hardman (an "R.N. BSSN Health Service Administrator" at TCC), and T. Bredeman (the medical director for Corizon Health, Inc.).

Plaintiff alleges that "for a continuous period of no less than three years," he was denied and/or delayed access to necessary and reasonable medical treatment, including hip replacement surgery, for his severe chronic osteoarthritis and degeneration of the left hip, knee, and lumbar spine. Plaintiff further alleges that he has sustained "irreversible physical, as well as psychological damage" as a result of defendants' deliberate indifference to his serious medical needs. Plaintiff is suing defendants in both their individual and official capacities.

3

## Discussion

### I. Official Capacity Claims

To state a claim against a Corizon Health employee in his or her official capacity,[1] a plaintiff must allege that a policy or custom of the employer is responsible for the alleged constitutional violation. *See Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of Corizon was responsible for the alleged violation of plaintiff's constitutional rights. Similarly, naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.* As a result, the complaint is legally frivolous and fails to state a claim upon which relief can be granted as to all defendants in their official capacities.

---

[1] It is unclear if defendants are employees of Corizon Health, Inc., or if they were employed directly by the Missouri Department of Corrections. In either case, plaintiff has failed to state a claim against defendants in their official capacities. Moreover, because it appears that defendants are likely to be Corizon Health employees, the Court will initially instruct the Clerk to attempt to effectuate service of process on all defendants in accordance with the Court's June 18, 2014 waiver of service agreement with Corizon Health, Inc.

## II. Individual Capacity Claims

Plaintiff alleges that defendants denied and/or delayed him access to necessary and reasonable medical treatment, including hip replacement surgery, for his severe chronic osteoarthritis and degeneration of his left hip, knee, and lumbar spine, resulting in "extreme, chronic, excruciating pain" and "irreversible physical, as well as psychological damage." Plaintiff's 42 U.S.C. § 1983 allegations against defendants in their individual capacities state a claim for Eighth Amendment violations, and therefore, the Court will order process to issue against all defendants in their individual capacities.

Last, the Court notes that on page 13 of the first amended complaint, plaintiff requests appointment of counsel. The request will be denied without prejudice. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). When determining whether to appoint counsel for an indigent litigant, the Court considers relevant factors, such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Id.*

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. This case is neither factually nor legally complex.

Moreover, it is evident that plaintiff is able to present his claims, because the Court has found that plaintiff's allegations state a claim for Eighth Amendment violations. Consequently, plaintiff's request will be denied at this time, without prejudice. If plaintiff wishes to file a motion for appointment of counsel at a later time, he may do so.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that as to all defendants in their individual capacities, the Clerk of Court shall effectuate service of process on the amended complaint [Doc. #5] in accordance with the Court's June 18, 2014 waiver of service agreement with Corizon Health, Inc.

**IT IS FURTHER ORDERED** that plaintiff's official-capacity claims against all defendants are **DISMISSED**, without prejudice. *See* 42 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's request for appointment of counsel [Doc. #5, page 13] is **DENIED**, without prejudice.

**IT IS FURTHER ORDERED** that, pursuant to this Court's differentiated case management system, this case is assigned to Track 5B (prisoner actions-standard).

A separate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 22nd day of August, 2014.

_____
**UNITED STATES DISTRICT JUDGE**