UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| MARK BOWERS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:14-CV-01185-JAR |
| DAVID A. MULLEN, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Petition for Discovery (Doc. 28) and Plaintiff's Motion for Appointment of Counsel (Doc. 29). Defendants responded (Docs. 30, 31).

In his Petition for Discovery, Plaintiff states that in the fall of 2014, he requested a complete copy of his medical file from Tipton Correctional Center. He indicates that his request was denied due to a lack of funds for payment. Plaintiff therefore asks that the Court recognize Plaintiff's *in forma pauperis* status and order the Missouri Department of Corrections' Medical Staff to release his full and complete medical file to him. Plaintiff filed his Motion on January 23, 2015, nine days after entry of the Case Management Order in this case. Pursuant to the Case Management Order, preliminary disclosures shall be filed no later than February 15, 2015 and thereafter the Parties may engage in discovery pursuant to the Federal Rules of Civil Procedure. Therefore, the Court finds Plaintiff's motion to be premature and will deny it without prejudice.

With respect to Plaintiff's Motion for Appointment of Counsel, there is no constitutional or statutory right to appointed counsel in a civil case. Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, courts consider

factors that include whether the plaintiff has presented non-frivolous allegations supporting his prayer for relief, whether the plaintiff will substantially benefit from the appointment of counsel, whether there is a need to further investigate and present the facts related to the plaintiff's allegations, and whether the factual and legal issues presented by the action are complex. See Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990); Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986); Nelson, 728 F.2d at 1005.

After considering Plaintiff's Motion for Appointment of Counsel, his second such request, in view of the relevant factors, the Court finds that the facts and legal issues presented in the instant case are not so complex as to warrant the appointment of counsel at this time. In addition, his pleadings indicate that he is capable of presenting the facts and legal issues without the assistance of counsel. Plaintiff's Motion for Appointment of Counsel will therefore be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Petition for Discovery (Doc. 28) is **DENIED without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel (Doc. 29) is **DENIED without prejudice.**

Dated this 10th day of February, 2015.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE